# NO. 12-13-00174-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARSHALL LUCAS,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Marshall Lucas appeals his conviction for intoxication assault for which he was sentenced to imprisonment for fifteen years. Appellant complains that his trial counsel was ineffective and that the trial court erred in denying his motion for new trial. We dismiss the appeal for want of jurisdiction.

### PROCEDURAL BACKGROUND

Appellant was charged with two felony offenses, intoxication assault and aggravated assault. The State offered to dismiss the aggravated assault charge if Appellant agreed to plead guilty to the intoxication assault charge. Appellant accepted the State's offer. The parties had no agreement as to Appellant's punishment, and Appellant elected to have the trial court determine his punishment. After a hearing on punishment, the trial court sentenced Appellant to imprisonment for fifteen years.

The trial court then certified Appellant's right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). The trial court's initial certification states that "[t]his criminal case is not a plea-bargain case and the defendant has the right of appeal." "[A]s to punishment only" is handwritten beside this statement. This appeal followed.

In response to Appellant's brief, the State argued that Appellant had no right to appeal because this was a plea bargain case and the trial court did not expressly authorize Appellant to appeal. *See* TEX. R. APP. P. 25.2(a)(2) (defendant who pleads guilty or nolo contendere in plea bargain case may appeal only (1) those matters raised by written motion filed and ruled on before trial or (2) with permission of trial court, if punishment did not exceed punishment recommended by prosecutor and agreed to by defendant). The State further argued that Appellant had waived his right to appeal. We reviewed the record and determined that Appellant had entered into a type of plea bargain agreement with the State. The record also included Appellant's waiver of his right to appeal. Consequently, we concluded that the trial court's initial certification of Appellant's right to appeal was inaccurate, and thus, defective. By order of February 5, 2014, we abated the appeal and remanded the case to the trial court to determine whether the State and Appellant had entered into a plea bargain agreement. We further directed the trial court to re-certify whether Appellant has the right to appeal.

In compliance with our February 5, 2014 order, the trial court held a hearing and determined that the State and Appellant had entered into a plea bargain agreement. The trial court then certified that this was a plea bargain case and Appellant had no right of appeal. The trial court further certified that Appellant had waived his right to appeal.

## RIGHT TO APPEAL

We have received the trial court's certification showing that this is a plea bargain case, Appellant has no right of appeal, and Appellant waived his right to appeal. *See* TEX. R. APP. P. 25.2(d). The certification is signed by Appellant and his counsel. The clerk's record supports the trial court's certification. *See **Dears v. State***, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). On appeal, Appellant is not complaining of matters raised by written motion filed and ruled on before trial, and he does not have the trial court's permission to appeal in this plea bargain case. Therefore, Appellant has no right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Accordingly, the appeal is *dismissed* for want of jurisdiction.

Opinion delivered April 17, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 17, 2014**

**NO. 12-13-00174-CR**

**MARSHALL LUCAS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2012-0605)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*